## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

YENSY CAROLINA RAMIREZ CORTEZ
c/o 519 H Street NW
Washington, DC 20001
(Prince George's County)

      Plaintiff,

v.

MID-ATLANTIC WAREHOUSE
SERVICES, INC.
7900 Cedarville Road
Brandywine, MD 20613
(Prince George's County)

IBRAHIM MUSTAFA
110 Leila Court
La Plata, MD 20646
(Charles County)

      Defendants.

Civil Action No. _____

## COMPLAINT

1. While Plaintiff worked for Defendants' furniture company, Defendants paid Plaintiff a sub-minimum wage, and Defendants engaged in a practice of "time shaving."

2. Plaintiff brings this action against Mid-Atlantic Warehouse Services, Inc. and Ibrahim Mustafa ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

**Parties**

5.     Plaintiff Yensy Carolina Ramirez Cortez is an adult resident of Prince George's County, Maryland.

6.     Defendant Mid-Atlantic Warehouse Services, Inc. is a Maryland corporation. Its principal place of business is located at 7900 Cedarville Road, Brandywine, MD 20613. Its resident agent for service of process is Ibrahim Mustafa, 7900 Cedarville Road, Brandywine, MD 20613.

7.     Defendant Ibrahim Mustafa is an adult resident of Maryland. He resides at 110 Leila Court, La Plata, MD 20646. He is an owner and officer of Defendant Mid-Atlantic Warehouse Services, Inc. He exercises control over the operations of Mid-Atlantic Warehouse Services, Inc. — including its pay practices.

**Factual Allegations**

8.     Plaintiff worked for Defendants from approximately July 1, 2020 through approximately November 17, 2022, with a leave of absence from approximately December 27, 2021 through February 21, 2022.

9.     At all relevant times, Plaintiff worked for Defendants as a furniture assembler.

10.     Plaintiff's job duties primarily consisted of putting together pieces of furniture.

11.     At all relevant times, Plaintiff typically and customarily worked six days per week, Mondays through Saturdays.

2

12.    In 2020 and 2021, Plaintiff typically and customarily worked approximately fifty-one hours per week.

13.    In 2022, Plaintiff typically and customarily worked approximately sixty-nine hours per week.

14.    At all relevant times, Defendants paid Plaintiff by the hour.

15.    From approximately July 1, 2020 through approximately January 10, 2021, Defendant paid Plaintiff $11.50 per hour.

16.    From approximately January 11, 2021 through November 17, 2022, Defendant paid Plaintiff $11.75 per hour.

17.    Maryland law required employers with fifteen or more employees to pay non-exempt employees at least $11.75 from January 1, 2021 through December 31, 2021 and $12.50 per hour in from January 1, 2022 through December 31, 2022. *See* Md. Code, Lab. & Empl. Art. § 3-413.

18.    From January 1, 2022 through November 17, 2022, Defendants paid Plaintiff an hourly rate below the Maryland minimum wage.

19.    Because Defendants paid a sub-minimum wage, they also failed to pay Plaintiff all of her overtime wages.

20.    In 2022, Defendants should have paid Plaintiff at least $18.75 for each hour she worked in excess of forty hours in a workweek. But to the extent Defendants paid Plaintiff overtime wages in 2022, Defendants only paid her only $17.62 per overtime hour.

21.    Moreover, Defendants engaged in a practice of time shaving. For each day that Plaintiff worked, Defendants did not pay Plaintiff for approximately one hour of work.

22.    Defendants did not pay Plaintiff for approximately six hours of overtime per workweek.

23.     During the course of her employment, Defendants did not pay Plaintiff anything for approximately 696 overtime hours.

24.     Defendants owe Plaintiff approximately $20,000.00 in unpaid minimum and overtime wages (excluding liquidated damages).

25.     Defendant Ibrahim Mustafa participated in the decision to set Mid-Atlantic Warehouse Services, Inc.'s hours of operation.

26.     Defendant Ibrahim Mustafa had the authority to hire and fire employees on behalf of Mid-Atlantic Warehouse Services, Inc.

27.     Defendant Ibrahim Mustafa authorized managers of Mid-Atlantic Warehouse Services, Inc. to hire and fire employees.

28.     Defendant Ibrahim Mustafa had the authority to supervise and control Plaintiff's work.

29.     Defendant Ibrahim Mustafa participated in the decision to set and change Plaintiff's schedule.

30.     Defendant Ibrahim Mustafa participated in the decision to set Plaintiff's rate and manner of pay.

31.     Defendant Ibrahim Mustafa had the authority to sign checks on behalf of Mid-Atlantic Warehouse Services, Inc.

32.     At all relevant times, each Defendant had the power to hire and fire Plaintiff.

33.     At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

34.     At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

35.     At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

36.    At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable Maryland minimum wage.

37.    At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

38.    At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to her.

39.    At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

40.    At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

41.    At all relevant times, Defendants had two or more employees who assembled furniture pieces that were manufactured outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

42.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

43.    Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

44.    The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

45.    Defendants violated the FLSA by knowingly failing to pay Plaintiff the required overtime wage.

46.     Defendants' violations of the FLSA were willful.

47.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid over-time wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

48.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

49.     Each Defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

50.     The MWHL required employers to pay non-exempt employees at least $11.75 per hour in 2021 and $12.50 per hour in 2022. Md. Code, Lab. & Empl. Art. § 3-413.

51.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

52.     Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

53.     Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

54.     Defendants' violations of the MWHL were willful.

55.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III

## FAILURE TO PAY WAGES UNDER THE MWPCL

56.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

57.     Each Defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

58.     The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

59.     The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

60.     The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

61.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

62.     Defendants' violations MWPCL were willful.

63.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$63,852.00**, and grant the following relief:

        a.      Award Plaintiff $43,758.00, consisting of the following overlapping elements:

     i.        unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

     ii.       unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

     iii.      three times the amount of unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,450.00);

d.      Award Plaintiff court costs (currently, $402.00); and

e.      Award any additional relief the Court deems just.

March 15, 2023               Respectfully submitted,

                          **DCWageLaw**

                          By: /s/ Justin Zelikovitz
                          JUSTIN ZELIKOVITZ, #17567
                          519 H Street NW
                          Washington, DC 20001
                          Phone: (202) 803-6083
                          Fax: (202) 683-6102
                          justin@dcwagelaw.com

                          *Counsel for Plaintiff*